Dear Senator Woods:
This opinion is in response to your question asking:
 Can a Village incorporated pursuant to Chapter 80, R.S.Mo., by a cooperative agreement, use a Courtroom outside its corporate boundaries, in an adjoining City, in which to hold hearings on Municipal Ordinance Violations before the Municipal Judge of the Village?
In Opinion No. 32, Garnholz, 1956, this office concluded that a municipal court held pursuant to Section 80.260, RSMo 1949 (repealed), could be held anywhere within the corporate limits of the town or village, as the chairman of the board of trustees of the town or village selected.
In concluding that towns and villages could not hold municipal court outside their boundaries, we were merely applying the general rule that municipalities do not have extraterritorial powers. See, e.g., Taylor v. Dimmitt, 336 Mo. 330, 337, 78 S.W.2d 841,843 (1934) ("Usually, a municipality's jurisdiction ceases at its boundaries; . . . ."); Missouri Public Service Co. v. City of Trenton, 509 S.W.2d 770, 775 (Mo.App. 1974) ("[M]unicipally owned electric utilities have only such extraterritorial powers as the General Assembly deems fit to give them, . . . .").[1]
Section 479.060.1, RSMo 1978, states:
 Where municipal violations are to be tried before a municipal judge or judges, the governing body of the municipality shall provide by ordinance for a clerk or clerks and such other nonjudicial personnel as may be required for the proper functioning of the municipal division or divisions and shall provide a suitable courtroom in which to hold court. The salaries of the judges, clerks and other nonjudicial personnel and other expenses incidental to the operation of the municipal divisions shall be paid by the municipality. [Emphasis added.]
This statute does not grant the governing body of a municipality the express authority to operate a municipal court outside the boundaries of the municipality. This office has found no authority stating that municipalities may have the implied authority to do so. This apparent lack of authority on the part of municipalities, however, does not settle the matter.
The adoption of C.C.S.S.J.R. 24, 1975-1976 Mo. Laws 803 (adopted August 3, 1976, effective January 2, 1979), sometimes known as the "Judicial Article Amendment", by the People and the enactment of the Court Reform and Revision Act of 1978, H.B. 1634, 1978 Mo. Laws 696, have resulted in the abolition of municipal corporation courts.
Article V, Section 27.2, Missouri Constitution, states in part:
 All . . . municipal corporation courts shall continue to exist until the effective date of this article at which time said courts shall cease to exist. When such courts cease to exist:
. . . .
 d. The jurisdiction of municipal courts shall be transferred to the circuit court of the circuit in which such municipality or major geographical area thereof shall be located and, such courts shall become divisions of the circuit court. When such courts cease to exist, all records, papers and files shall be transferred to the circuit court which may designate the place where such records may be maintained.
Section 479.010, RSMo 1978, states: "Violations of municipal ordinances shall be tried only before divisions of the circuit court as hereinafter provided by this chapter."
Judges of municipal divisions are subject to such circuit court rules as are consistent with the rules of the Supreme Court of Missouri, and such judges are subject to the general administrative authority of the presiding judge of the circuit court. Section 479.020.5, RSMo 1978.
The authority of the circuit court to adopt local rules is specified in Section 478.245, RSMo 1978, which states in part:
 1. Subject to the provisions of article V of the constitution and authority exercised under such provisions, the circuit judges of the circuit may adopt local court rules which provide:
. . . ;
 (2) Filing (including the place of filing) and assignment systems for the circuit court of each county which may include (a) centralized filing procedures for cases which are heard by circuit judges, (b) centralized assignment procedures or individualized docketing procedures for cases or classes of cases which are heard by circuit judges, and (c) filing and assignment procedures for cases which are heard by municipal judges.
 2. Notwithstanding the provisions of subsection 1 of this section, no such local circuit court rule:
. . . ;
 (3) Shall provide for the filing of cases or the maintenance of the permanent records in cases which are heard by municipal judges outside of the municipality providing the municipal judge, except in those situations where there is a trial de novo or the municipality consents to such filing or maintenance of records. [Emphasis added.]
Section 478.245.1(2) and .2(3), RSMo 1978, indicate that a circuit court may adopt a local court rule providing for the place of filing and assignment of municipal division cases outside the municipality, if the municipality consents to such filing or maintenance of records. (An examination of page 18 of the local court rules for the Twenty-First Judicial Circuit (St. Louis County) shows that this circuit presently has no local rule 9.1 or 9.21 on the assignment of courtrooms or place of hearing.)
Section 70.220, RSMo 1978, inter alia, authorizes villages to contract with other municipalities and political subdivisions for the operation of any public facility; provided, the subject and purposes of any such cooperative agreement made and entered into by the village and municipality or political subdivision is within the scope of the powers of such village and municipality or political subdivision. Cf. Section 71.300, RSMo 1978 (providing for county and municipal court contracts). Obviously, providing a municipal courtroom is within the scope of the powers of municipalities. Section 479.060.1, RSMo 1978. Also, a courtroom is a public facility. Therefore, a village and a city may contract regarding cost-sharing and other arrangements for a municipal courtroom pursuant to Section 70.220, RSMo 1978, and such agreement may act as the "consent" necessary to empower a circuit court to promulgate a rule authorizing "extraterritorial" filing of municipal division cases for that municipality.
CONCLUSION
It is the opinion of this office that a village organized pursuant to Chapter 80, RSMo 1978 and Supp. 1982, may hold hearings on municipal ordinance violations outside the corporate boundaries of the village and inside the corporate boundaries of a neighboring municipality, if (1) the village and municipality enter into a cooperative agreement regarding the operation of the courtroom to be used pursuant to Section 70.220, RSMo 1978, (2) the village expresses its consent to the promulgation of a local court rule by the relevant circuit court authorizing the filing and assignment of municipal division cases outside the boundaries of the village pursuant to Section 478.245, RSMo 1978, and (3) the circuit court promulgates such a rule.
Very truly yours,
 JOHN ASHCROFT Attorney General
[1] Missouri courts have recognized extraterritorial municipal powers when the health or safety of city inhabitants is at stake. In Miller v. City of St. Joseph, 485 S.W.2d 688 (Mo.App. 1972), a firefighter objected to the city's "agreement" to fight fires in stockyards and other places outside the city limits on the ground that the firefighter would lose his sovereign immunity in fighting such fires and would be subject to claims created by his actions in fighting such fires. The court found this extraterritorial firefighting to be authorized under a provision of the city charter authorizing the city to do all things whatsoever necessary or expedient for promoting and maintaining the safety, health, welfare, trade, commerce or industry of the city and its inhabitants.